D|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANGELA TSAKALES

                    Plaintiff,

-against-

JANSSEN PROPERTIES INC. and JPMORGAN
CHASE BANK, N.A.,

                    Defendants.
------------------------------------------------------------------X

**ORDER**

16-CV-6668 (NGG) (GRB)

NICHOLAS G. GARAUFIS, United States District Judge.

On December 1, 2016, Plaintiff Angela Tsakales commenced this action against Janssen Properties Inc. ("Janssen") and JPMorgan Chase Bank, N.A. ("Chase") alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., as well as state and local law, with respect to certain property owned by Janssen and leased to Chase to operate a retail bank branch. (Compl. (Dkt. 1).) On October 2, 2017, Chase answered the complaint (Answer (Dkt. 23)), and on November 2, 2017, Chase filed a crossclaim against Janssen (see Cross-Compl. (Dkt. 25)). Chase filed an amended crossclaim against Janssen on February 13, 2018. (See Am. Cross-Compl. (Dkt. 33).) In the amended cross-complaint, Chase seeks, among other things, a declaration that Chase is released from its obligations under its lease with Janssen (the "Lease") as a result of constructive eviction and monetary damages incurred by Chase in closing and relocating its branch. (Id. at 7.)

On March 12, 2018, finding that Janssen had failed to answer or otherwise defend the cross-claim action, the Clerk of Court entered default against Janssen. (Entry of Default (Dkt. 36).) On March 23, 2018, Chase moved pursuant to Federal Rule of Civil Procedure 55 for a default judgment against Janssen (the "Motion"). (Mot. for Default J. ("Mot.") (Dkt. 37).) The

1

court referred the Motion to Magistrate Judge Gary R. Brown for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (May 21, 2018 Order.)

On February 27, 2019, Judge Brown issued an R&R recommending that the court "grant the motion for default judgment and (1) declare that the Lease is terminated, and Chase is released from its obligations under the Lease as of January 26, 2018, and (2) award Chase damages in the amount of $41,500.37." (R&R (Dkt. 40) at 2.) The R&R also reasons that because Chase cites no statute or provisions in the Lease that entitle it to attorneys' fees, Chase's request for attorneys' fees in the amount of $124,374.73 should be denied with leave to renew. (Id. at 2 n.1.)

On March 4, 2019, counsel for Chase filed a declaration stating that she had attempted to serve a copy of the R&R on Janssen via FedEx at Janssen's last known address, but that delivery was refused by the recipient. (See Declaration re: R&R (Dkt. 41) ¶ 3.) On March 26, 2019, counsel for Chase informed the court that Chase had also served Janssen through the New York Secretary of State and that this service was effectuated on March 4, 2019. (Status Report (Dkt. 42) at 1; see Affidavit of Service (Dkt. 42-1).)

No party has objected to the R&R and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Therefore, the court therefore reviews the R&R for clear error. See Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." (alteration in original) (quotation marks and citation omitted)); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court

2

need only satisfy itself that there is no clear error on the face of the record." (quotation marks and citation omitted)).

Finding no clear error, the court ADOPTS IN FULL the R&R (Dkt. 40). Chase's Motion (Dkt. 37) is GRANTED. The court declares that the Lease is terminated and Chase is released from its obligations under the Lease as of January 26, 2018. The court AWARDS Chase damages in the amount of $41,500.37. Chase's request for attorneys' fees is denied with leave to renew. The Clerk of Court is respectfully DIRECTED to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
March 27, 2019

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge